Good morning, Your Honors. Roy Axelrod may please the Court on behalf of Petitioners California United Terminal and Signal Mutual. I respectfully request leave to reserve two minutes for a possible rebuttal. Whatever time you have left on the clock is yours. Thank you. Your Honors, although this case appears to be one of first impression before this Court, it involves application of a basic and unexceptional rule of statutory construction. Statutes should not be interpreted in a fashion which renders a portion of a statute superfluous or without effect. You took a different position, did you not, before the ALJ and the BRB? Didn't you argue that your defense there was you weren't the last employer, or you were the last employer, you didn't get to assume the whole liability? And you argued, as I understand it and read your arguments, that the 1972 change in the structure shifting the responsibilities to the ALJs, that the plain language of the statute seemed to support precisely the argument you're now arguing against. Your Honor, the primary issue presented to the BRB and the ALJ in this case was Could you start with a response to Judge Fisher's question with a yes or no? I'm trying to answer that, Your Honor. Could you start with a yes or no? Yes. Did you take a contrary position before the ALJ and the Board? Yes. Yes, with a qualification, if I may. Was it qualified at the time? I'd like to explain the qualification, if I may, Your Honor. Go ahead. The primary issue presented to the BRB in this case, pre-Dyer, was whether petitioners were liable for pre-controversial fees. Your Honor, you're correct. That was the primary position taken. However, petitioners repeatedly noted to the ALJ and the BRB that claimant never filed a claim against petitioners with the district director, and the district director never served a claim on petitioners. But you never denied that you got notice and that you knew full well what the claim was and that you did, from the time that you got notice through the ALJ's joinder order, had 30 days in which to accept or decline responsibility. Your Honor, we agreed we received notice from the judges, ALJ's order of joinder, but we never stipulated that we received notice from the district director. Of course you didn't. I'm not saying you did. What I said was you got notice of what the claim was. You had every opportunity that had to come through the district director. The ALJ didn't withhold any information relevant that would have come through the district director. So the question I have is, you know, there's nothing about Dyer. Dyer changes the responsibility, but there's nothing about Dyer that suddenly changed the opportunity for you to have made the argument below that as a backup to your primary argument, which was that you shouldn't be held responsible as the last employer under the last employer rule, you could have just as easily made the argument that, and by the way, they didn't comply with the district director notification element. With all due respect, Your Honor, we believe we did. Excerpt of record, pages 109, 110, and 130, Petitioners noted that the claimant never served a claim on the district director, and the district director never served a claim on petitioners, which was also a significant legal error. Okay, but then you argued to the ALJ in your brief, AR 34, 35, 36, and I'm just not going to read the whole thing. It says, consequently, the language of section 28, which refers to the transmittal of a claim by the OWCP deputy commissioner, can also refer to the transmittal of a claim by the ALJ. That is correct, Your Honor. Okay, and then you said in a reply brief, the 30-day time period began on the date that the claim was transmitted by the ALJ to Frank Gates, the claim agent for your client, pursuant to the clear and unambiguous language of 28A. That is correct, Your Honor. And then to the BRB, you said, and then without, again, repeating everything, at ER 89 or 90, said, nevertheless, in order to avoid reading the requirements of sections 19B and 28A out of the LHWCA, petitioners maintain to the ALJ in this case, and continue to maintain that the references in sections 19B and 28A to the deputy commissioner also refer to the ALJ in a case where the employer or carrier has been joined as a party defendant by the ALJ. Your Honor, I think we said can also. Did I? Can also refer to an ALJ. Also. Okay. It didn't say can. I'm sorry. It said also refer. I apologize. Well, I'm just reading a cut-and-paste version of. . . I understand, Your Honor. Which is what came in on your briefs, apparently, because it looks like what you argued at the BRB was part of your briefs on appeal. It's just you changed the argument, and that's what I'm having trouble with. It's one thing not to preserve an argument and not push it, but to argue affirmatively that the statutory language supports what you are now turning around because of Dwyer changing the argument.  I understand, Your Honor. However, with all due respect, even if petitioners conceded that issue before the ALJ and the BRB, I believe the ALJ and the BRB had a reasonable opportunity to. . . It's not a question. . . Counsel, you're missing my point. I understand that. But when you concede and argue affirmatively, argue affirmatively, why would the BRB take up an argument where you are affirmatively arguing for an interpretation which you are now saying you don't believe in? With all due respect, Your Honor, I don't. . . Forget the all due respect. Just answer the question. The BRB never addressed that issue. Of course they didn't address it because you weren't contesting it. You were, in fact, arguing it was the proper interpretation. So why would they take it on? Because the BRB essentially concluded that a claim against the prior employers was the same as a claim against CUT. You don't like the result, but here's the problem that I think my colleague has, and I can tell you directly that I have. We have a long tradition of not listening to arguments that are raised for the first time on an appeal. And you're telling us that the ALJ and the Benefits Review Board got this wrong because of the position you're currently taking, a position that you argued absolutely to the contrary to both of those entities. Your Honor. Why should we hear your argument to the contrary? Because, number one, the ALJ and BRB were apprised of that issue. We noted repeatedly a claim was not filed with the district director on petitioners and not served by the district director. Number two, the BRB and the ALJ. But you told them that was okay. What's that? You told them that was okay. But they didn't even address it, Your Honor. They simply addressed the further issue of whether there was a claim filed, and they concluded essentially, based on the last responsible employer rule, that a claim against the first employer is basically a claim against the second employer, in addition to having a reasonable opportunity to address that issue. Had you made the argument before the BRB or the ALJ that you're making here now, could you have prevailed there? I doubt it, Your Honor, because they basically merged the claims and held that. No, no. I'm not asking for a prediction, but is it possible they could have ruled the way you wanted to and then you would have been the winner? I don't think so, Your Honor, because they basically focused on the last responsible employer rule, held that a claim against the first employer is basically a claim against the second employer, number one. Number two, this is an issue involving purely a question of law. It's clear from the record. It has broad implications. The record was fully developed. And the fact that the BRB did not address those issues is really not dispositive. What is dispositive, as this Court has indicated in prior case law, is that the BRB had a reasonable opportunity to address those issues but did not do so. Well, what weight then should we give to the fact that you did argue contrary to your position? Let's assume we reached it on the merits. Then what's the credibility of your argument that having argued that the statutory language clearly supported the ALJ serving under these circumstances as the functional equivalent of the deputy director, why should we not just accept the way you argued it below and say, yes, you're right, and lose merits here? If we're bolstering that argument on appeal, as in Cabral, this Court held clearly that ALJ only has authority with respect to hearings. And since the filing of a claim and the service of a claim does not require a hearing, then that authority remains within the authority of the district director. And the BRB is not entitled basically to delegate that authority to the district director. And I think that's a good point.  to give that authority to the district director and determine by fiat. Your time's up. Thank you. May it please the Court, I'm Joshua Gullel and I'm appearing on behalf of Ms. Town, the claimant. Good morning. Anything you've heard this morning that you think is not adequately addressed in your brief? No. There is not a thing that I think is not adequately addressed on brief. Thank you. The Court has no questions. I will not waste your time. Case, Josiah, you will stand submitted. We'll mix your argument in. The Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems.
judges: Kozinski, Hawkins, Fisher